IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Nancy Sisco, | ) | |
| | ) | Civil Action No. 9:17-3076-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Nancy Sisco ("Sisco") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("SSA"). (ECF No. 1).[1] This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 37).[2] The Report recommends affirming the decision of the Commissioner to deny benefits. *Id.* Sisco timely filed objections to the Report (ECF No. 38), and the Commissioner filed a reply to those objections (ECF No. 39). The court adopts the Report and affirms the denial of benefits.

---

[1] When Sisco filed this action she was proceeding pro se. (ECF No. 1). However, she has since retained counsel. (ECF No. 31).

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. Background

On January 28, 2014, Sisco filed an application for DIB and SSI, alleging that she became unable to work on November 6, 2013, due to bipolar disorder, manic depression, diabetic high blood pressure, and plantar fascitis. (ECF No. 21-5 at 258). Her application was denied initially and on reconsideration. (ECF No. 21-2 at 2, 31). Sisco requested a review by an administrative law judge ("ALJ"), *id.* at 9, and a hearing was held before an ALJ on February 17, 2017 (ECF No. 21-2 at 55).

On March 29, 2017, the ALJ denied Sisco's claims finding her not disabled under the SSA. *Id.* at 31-48. The ALJ found that Sisco suffered from the following serious impairments: spine disorder, dysfunction of the major joints, bipolar I disorder, depressive disorder, generalized anxiety disorder, left upper extremity carpal tunnel syndrome, diabetes mellitus II, and obesity. *Id.* at 37. However, the ALJ found that Sisco's impairments did not meet or were not medically equal to the criteria for any of the listed impairments. *Id.* at 38. The ALJ then proceeded to assess Sisco's residual functional capacity ("RFC"). *Id.* at 40-47. The ALJ found that Sisco could perform sedentary work with certain limitations and that she was capable of performing her past relevant work as a data entry clerk and accounts payable clerk. *Id.* at 47. The ALJ, therefore, denied her claims. *Id.* at 48. On September 11, 2017, the Appeals Council declined to review the ALJ's decision. (ECF No. 21-2 at 2-5).

Sisco then filed this action for judicial review on November 13, 2017. (ECF No. 1). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Sisco filed objections to the Report on December 31, 2018 (ECF No. 38), and the Commissioner filed a response to those objections on January 14, 2019 (ECF No. 41). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

In her objections, Sisco contends that the ALJ erred by: (1) failing to account for her moderate difficulties in concentration, persistence, and pace as required by *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); (2) failing to properly consider her upper extremity limitations, which she contends involved both hands; (3) failing to consider her impairments in combination; (4) failing to properly consider Dr. Qureshi's opinion that Sisco required further treatment and

that she might have the potential for a sedentary type of job in the future; and (4) finding that her activities of daily living were inconsistent with a finding of disability. (ECF No. 38)

**A. Difficulties in maintaining concentration, persistence, or pace**

In determining Sisco's RFC, the ALJ found that Sisco had moderate difficulties in concentration, persistence, and pace, as well as moderate difficulties in understanding, remembering or applying information. (ECF No. 21-2 at 40-41). The ALJ determined that Sisco had the RFC

> to understand, remember, and perform detailed instructions and tasks; can concentrate and persist for at least two hours at a time on these tasks but not on higher level tasks; can acceptably relate to co-workers and supervisors on a frequent basis, and with the public on an occasional basis; and can adapt to changes in routine.

(ECF No. 21-2 at 41). Sisco, citing *Mascio v. Colvin*, 780 F.3d 642 (4th Cir. 2005), argues that the ALJ erred by finding that Plaintiff could perform detailed instructions and tasks with her moderate limitations. (ECF No. 33 at 17). The magistrate judge determined that the ALJ had complied with the holding in *Mascio* when the ALJ specifically addressed Sisco's ability to stay on task, finding that she has the ability to concentrate and persist in the performance of detailed instructions and tasks for at least two hours at a time, but not on higher level tasks. (ECF No. 37 at 7). In her objections, Sisco contends that the ALJ erred in finding that she can maintain pace for two hours and failing to provide for any limitations beyond the requirements of a typical work schedule. (ECF No. 38 at 2).

In *Mascio*, 780 F.3d 632, the Fourth Circuit Court of Appeals found that the ALJ had erred in assessing the claimant's RFC, when the ALJ determined in a conclusory manner the functions he believed the plaintiff could still perform despite having moderate limitations. The court found that the ALJ had frustrated a "meaningful review" and required remand. 780 F.3d at

636-38. The court specifically held that a remand is necessary when a court is "left to guess about how the ALJ arrived at his conclusions on . . . ability to perform relevant functions. . . ." *Id*. at 637. The court further explained that it was possible for the ALJ to find that moderate concentration, persistence, or pace limitation did not affect the claimant's ability to work, but that remand was required in *Mascio* because the ALJ had not given any explanation. *Id*. The court stated that it "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638. The Fourth Circuit has since held that an ALJ adequately accommodates a claimant's moderate difficulties in concentration, persistence, or pace by crediting medical opinions of record and considering the limitations the medical providers indicated as part of the RFC assessment. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017).[3]

Here, as the magistrate judge found (ECF No. 37 at 7), the holding in *Mascio* does not preclude a finding that someone with a moderate limitation in concentration, persistence, or pace can perform more than simple, routine, unskilled work. The ALJ properly and adequately accommodated Sisco's moderate limitation in concentration, persistence, and pace by finding that she has the ability to concentrate and persist in the performance of detailed instructions and tasks for at least two hours at a time, but not on higher level tasks. (ECF No. 21-2 at 41). *See Falls v. Colvin*, No. 8:14CV195-RBH, 2015 WL 5797751, at *7 (D.S.C. Sept. 29, 2015) (distinguishing *Mascio* where the ALJ adequately addressed the Plaintiff's ability to stay on task

---

[3] Prior to *Sizemore*, district courts also interpreted the Fourth Circuit's holding in *Mascio* to require an ALJ to explain how the claimant's limitation in concentration, persistence, or pace was accounted for in the RFC. *See Sipple v. Colvin*, No. 8:15-1961-MBS-JDA, 2016 WL 4414841, at *9 (D.S.C. Jul. 29, 2016).

by limiting the length of time that she could concentrate, persist, and work at pace to 2-hour periods in an 8-hour day). Accordingly, *Mascio* does not require remand of this case.

### B. Consideration of upper extremity limitations

The ALJ determined that Sisco could tolerate frequent handling with her left extremity. (ECF No. 21-2 at 40). Sisco contends that the ALJ erred by limiting her to frequent handling with only her left upper extremity. (ECF No. 33 at 22). She contends that the ALJ failed to consider the evidence that she also had limitations with her right upper extremity. *Id.* at 23. In her Report, the magistrate judge determined that the ALJ appropriately limited Sisco to frequent handling with her left hand - noting that Sisco testified that her right wrist was okay and that her inability to grasp things was with her left wrist. (ECF No. 37 at 10). The magistrate judge also noted that while Dr. Qureshi concluded that Sisco had bilateral positive Tinel's and Phalen's signs in both wrists and hands, he also found that Sisco had normal sensations to pain, pin prick, and touch in both upper extremities, her muscle power was normal in her upper extremities, her peripheral circulation was normal in both extremities, and her biceps, triceps, and supinator reflexes were all within normal range. *Id.* The magistrate judge notes that Sisco testified that while she has tingling and numbness in both hands, her carpal tunnel syndrome only caused her problems with her left wrist and that her inability to grasp was with her left wrist. *Id.* The magistrate judge concluded the ALJ had not erred. *Id.* at 11.

In her objections, Sisco contends that the ALJ failed to properly consider Sisco's upper extremity limitations, which she contends involved both hands, when he determined that she could perform a job requiring frequent or constant fingering. (ECF No. 38 at 4). Sisco argues that she testified that she had numbness and tingling in both of her hands, particularly her right

6

hand, and, at the hearing when the ALJ asked her why she could not perform her past work, she specifically said that her hands were not able to key in things. *Id.*

In his decision, the ALJ noted that Sisco reported that she had numbness and tingling sensations in her extremities and a decreased ability to grasp because of her diabetes and carpal tunnel syndrome. (ECF No. 21-2 at 41-42). He also noted that she testified that she had no problems with her right hand and wrist. *Id.* The ALJ then specifically stated that in determining her RFC that he was accounting for her complaints about her left hand by limiting her to frequent handling of the left upper extremity. *Id.* at 46. Sisco testified that her "hands go numb and tingling" and "the doctor thinks that's part of my diabetes." (ECF No. 21-2 at 67). As the magistrate judge pointed out, Sisco herself testified that she has carpal tunnel in her left wrist and that "the right wrist is okay, but my hands still feel like pins and needles." *Id.* at 66-67. The ALJ asked Sisco, in regard to her left wrist, how this affected her and she responded that she could not grasp a lot with it or hold anything for too long. *Id.* at 67-68. Sisco does not provide any medical opinion that placed any limitations on her ability to handle or finger with her right hand. Additionally, in support of his RFC determination, the ALJ found that Sisco engaged in daily activities requiring the repetitive use of her hands, including driving, playing cards, making simple meals, doing laundry, using a computer, cleaning, and grocery shopping. (ECF No. 21-2 at 42). These court finds that the reasons for finding no manipulative limitations in Sisco's right extremity from carpal tunnel syndrome are supported by substantial evidence.

**C. Impairments in combination**

In her objections, Sisco argues that the ALJ did not adequately consider the combined effects of her impairments in finding that she could return to her past relevant work. (ECF No. 38 at 5). Sisco does not point to any specific error in the Report. Instead, Sisco cites to the

Eighth Circuit case law in which the court has repeatedly stated that "the Commissioner must prove by substantial evidence that [the claimant] can perform any work on a sustained basis 'in the sometimes competitive and stressful conditions in which people work in the real world.'" *Smith v. Apfel*, 157 F.3d 571, 572 (8th Cir. 1998) (quoting *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc). First, this issue is raised for the first time in Sisco's objections. Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived. *See Folkes v. Byrd,* No. 8:10-22-HMH-BHH, 2010 WL 4721575, *2 (D.S.C. Nov. 15, 2010); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (declining to address an issue that was raised for the first time in objections to the magistrate judge's report and recommendation). Additionally, contrary to her assertion, Sisco has failed to demonstrate that the ALJ failed to consider her impairments in combination as the decision as a whole clearly belies this argument. Moreover, the ALJ noted his duty to consider Sisco's impairments in combination, and he specifically discussed Sisco's various impairments and her impairments in combination when determining Sisco's RFC. (ECF No. 21-2 at 38-40). Comparing her RFC to Sisco's past relevant work, the ALJ determined that Sisco was capable of performing her past relevant work. *Id.* at 47. The court finds the ALJ's decision is supported by substantial evidence. Accordingly, the court finds this objection without merit.

### D. Dr. Qureshi's opinion

The ALJ gave little weight to the opinion of Dr. Frooq Qureshi, an orthopedist who performed a consultative medical examination, that Sisco could perform sedentary work in the future with the appropriate treatment. (ECF No. 21-2 at 45). The ALJ noted Sisco's noncompliance with treatment, medication, and diet for her diabetes, and that she continued to smoke despite medical advice to stop. *Id.* The ALJ explained that he gave little weight to Dr.

8

Qureshi's opinion because Dr. Qureshi is not trained as a vocational expert who could opine as to the type of work Sisco could perform. *Id.* He noted that Dr. Qureshi did not perform a functional analysis and that his opinion was not supported by his findings and reports. *Id.* In his Report, the magistrate judge set out Dr. Qureshi's exam findings and the applicable portions of the AJ's decision. (ECF No. 37 at 13-15). The magistrate judge concluded that the ALJ's decision is supported by substantial evidence, and that Sisco merely disagrees with the ALJ's decision and is asking this court to reweigh the evidence. *Id.* at 16.

In her objections, Sisco argues that the ALJ failed to properly consider Dr. Qureshi's opinion that Sisco had severe problems with depression and anxiety and that, with further treatment, she might have the potential for a sedentary type of job in the future. (ECF No. 38 at 5). She contends that the ALJ failed to consider all of the factors under 20 C.F.R. § 404.1527(c) when explaining the weight given to each medical source, specifically supportability and consistency. *Id.* at 6. Sisco contends that this opinion is consistent with evidence that she had ongoing symptoms related to depression and anxiety, such as low mood, low energy, and difficulties concentrating. *Id.*

Social Security regulations specifically charge an ALJ with the duty to evaluate medical opinions. *See* 20 C.F.R. § 404.1527. In doing so, the ALJ should give the opinion the weight he deems appropriate based a number of factors, including whether a physician examined or treated the claimant, whether the opinion is supported by medical signs and laboratory findings, whether the opinion is consistent with the physician's records of treatment and with the record as a whole. *See* 20 C.F.R. § 404.1527(d)(1)-(4). The Commissioner may discount a physician's opinion or accord it significantly less weight if there is a lack of clinical data supporting it or if there is contrary medical evidence. *See, e.g., Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001)

9

("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.") (quoting *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)).

Here, as the magistrate judge determined in his Report, the ALJ's decision is supported by substantial evidence, and it appears that Sisco is asking the court to reweigh the evidence. Moreover, the court agrees with the magistrate judge that the ALJ adequately weighed the opinion of Dr. Qureshi in accordance with the regulations and gave sufficient explanation for the decision to give little weight to this opinion by pointing out the inconsistency of this opinion with other substantial evidence in the record. Accordingly, the court finds that substantial evidence supports the ALJ's findings and that the ALJ's decision was based upon a correct application of the relevant law.

### E. Credibility[4]

The ALJ found that Sisco's alleged daily activities which were not entirely consistent with her allegations of totally disabling physical and mental symptoms and limitations. (ECF No. 21-2 at 42). The magistrate judge determined that the ALJ had properly discounted Sisco's subjective complaints based on the ALJ's review of all of the evidence in the record. (ECF No. 37 at 19).

---

[4]  The Social Security Administration . . . published SSR 16-3p, 2016 WL 1119029 (2016), which supersedes SSR 96-7p, eliminates use of the term "credibility," and clarifies that subjective symptom evaluation is not an examination of an individual's character. Because the ALJ decided this case prior to March 16, 2016, the effective date of SSR 16-3p, the court analyzes the ALJ's decision based on the provisions of SSR 96-7p, which required assessment of the claimant's credibility. Although SSR 16-3p eliminates the assessment of credibility, it requires assessment of most of the same factors to be considered under SSR 96-7p.

*Keefer v. Colvin*, No. 1:15-4738-SVH, 2016 WL 5539516, at *11 (D.S.C. Sept. 30, 2016).

In her objections, Sisco argues that the ALJ erred in determining that her activities of daily living were inconsistent with a finding of disability. (ECF No. 38 at 6). She contends that the ALJ did not evaluate her credibility based on the entire case record. *Id.* at 7. She argues that her daily activities were consistent with the ability to perform only light work, and that, at her age, she is disabled if she can perform only light work and she demonstrates an inability to perform her past work. *Id.* at 6. Specifically, she contends that the ALJ ignored that she could perform her daily activities with limitations, "such as needing to take naps, not sleeping well, needing help folding and putting away the laundry, and not reading as much as she used to." *Id.* Additionally, Sisco also asserts that the ALJ erred by considering Sisco's receipt of unemployment benefits in determining whether or not she was disabled. *Id.* at 7.

The ALJ must employ a two-step process for evaluating a claimant's symptoms:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities for an adult . . .

Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016).[5] Here, the ALJ adhered to the requirements of the Social Security regulations in evaluating Sisco's subjective symptoms. (ECF No. 21-2 at 41). He found that although Sisco's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of her symptoms were not

---

[5] SSR 16-3p rescinded SS Ruling 96-7p, 96 WL 374186 ( July 2, 1996). SSR 16-3p eliminated use of the term "credibility" in reference to symptom evaluation. SSR 16-3p, 2016 WL 1119029, at *1. As issued, SSR 16-3p stated that it was effective March 16, 2016. 2016 WL 1119029, at *1, 12. However, the effective date was corrected to March 28, 2016 by a subsequent notice, 2016 WL 1237954, at *1 (Mar. 24, 2016). The two-step process and factors for evaluating a claimant's subjective symptoms remains substantially the same as that for assessing the credibility of a claimant's statements under SSR 96-7p.

entirely consistent with the medical evidence and other evidence of record. *Id.* at 42. This was the proper analytical framework for the ALJ to follow. Moreover, the ALJ properly stated that although the receipt of unemployment benefits does not preclude disability, it is a factor which can be considered in determining if a claimant is disabled. (ECF No. 21-2 at 42). *See Roberts v. Astrue*, No. 10-10664-PBS, 2011 WL 3163257, at *8 (D.Mass. July 27, 2011) (stating that "though Social Security Administration policy suggests that the receipt of unemployment insurance benefits does not preclude the receipt of disability benefits, it also notes that 'application for unemployment benefits is evidence that the ALJ must consider together with all of the medical and other evidence.' ") (citations omitted); *see also Cook v. Astrue*, No. 0:11-1625-JFA-PJG, 2012 WL 1658923, at *4 (D.S.C. April 19, 2012) (stating that "an application for disability may not be denied solely on the ground that the applicant received unemployment benefits"). The ALJ appropriately evaluated multiple factors with sufficient references to the record to justify his determination. Accordingly, the court finds that the ALJ's decision is supported by substantial evidence.

### IV. Conclusion

After a thorough review of the record, the court adopts the Report (ECF No. 37) and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

January 31, 2019  
Anderson, South Carolina